RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 2-6-08
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSÉ LÉON GONZÁLEZ<br>    Fed. Reg. No. 59761-079<br>aka JOSÉ LÉON GONZÁLEZ-LONGORIA<br>VS. | CIVIL ACTION NO. 07-1300<br><br>SECTION P |
| FREDRICK MENIFEE, WARDEN | JUDGE DRELL<br><br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on August 6, 2007 by José Léon González (also known as José Léon González-Longoria). Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP) where he is serving multiple life sentences imposed by the United States District Court for the Western District of Texas. [See U.S.A. v. Gonzalez-Longoria, No. 5:92-cr-00065] In this proceeding he complains that he was wrongfully convicted of a prison disciplinary violation. He seeks reversal and expungement of this conviction. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### Statement of the Case

In January 1993, petitioner was convicted of various drug related offenses in a bench trial conducted in the United States

District Court for the Western District of Texas. In March 1993 he was sentenced to two life sentences. [See U.S.A. v. Gonzalez-Longoria, No. 5:92-cr-00065]

In his original petition he claimed that he was assaulted by a fellow inmate who entered petitioner's cell to "...initiate a physical altercation or assault..." According to petitioner, he exercised his right of self-defense; however, unnamed prison officials "... relied on speculation or unwritten staff reports to adjudicate finding of guilt of Code 201 fighting with another inmate..." Petitioner argued that the Disciplinary Hearing Officer (DHO) relied on false reports and that the BOP, DHO, and Warden adhere to a policy which does not recognize the right to self-defense.

Petitioner was ordered to amend his pleadings to provide more specific information. In his amended petition he claimed that he was assaulted by Inmate Rios on January 28, 2007. He claimed that he defended himself from Inmate Rios's attack, but when prison staff investigated the incident, Rios placed the blame for the altercation on petitioner.

Petitioner was charged with Code 201 - fighting. He argued self-defense at the disciplinary hearing convened on February 5, 2007. He was found guilty of the offense as charged; however, the Disciplinary Hearing Officer imposed no sanctions against petitioner as a result of the conviction and he was immediately

released from the Special Housing Unit (SHU) with no other sanctions imposed. Petitioner then appealed his adjudication to the Regional Director and the National Administrator; however, both appeals were denied.

According to petitioner, "Although no sanctions were imposed, the finding of guilt does create adverse consequences to inmate. Inmate retained in excess of ten years clear conduct that was hindered by the incident report/finding of guilt. Inmate's participation of FBOP programs went down the drain and lower custody and program consideration is halted another ten years of clear conduct. In the event Booker changes trigger federal parole, it will have an adverse consequence in consideration for grant. That alone inmate feels gives rise to a type of liberty interest in remaining disciplinary free absent *prima facie* showing of guilt according to a fair hearing and due process clause." [doc. 6, pp. 6-7]

## Law and Analysis

Prisoners charged with violations of prison disciplinary rules are entitled to certain due process rights but only when the disciplinary action results in a sanction that will impinge upon a liberty interest. Government-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the Court concluded that federal courts reviewing alleged deprivations of due process in this context should consider the nature of the challenged government action and specifically whether it involved a significant departure from normal prison conditions. *Id.* at 2299.

Protected "interests are generally limited to ... regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir.1997)(emphasis supplied).

Applying Sandin, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir.1996) (quoting Luken v. Scott, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights); Crowder v. True, 74 F.3d 812, 814-15 (7th Cir.1996) (federal prisoner's detention for three months in administrative segregation did not constitute a significant, atypical hardship which constituted a deprivation of a liberty interest). The Fifth Circuit has also rejected a prisoner's claim that the additional restrictions imposed on those in administrative segregation violated due process rights. Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998) (per curiam).

It stated "'absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Id.* at 580 (quotation omitted).

In other words, if the complained of prison disciplinary proceeding did not result in the loss of good-time credits, the prisoner has no liberty interest and his federal *habeas corpus* action claiming otherwise, is subject to dismissal for failing to state a claim for which relief may be granted. Being placed in disciplinary confinement, losing commissary and property privileges, and remaining at the same time earning class are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2299. See also Madison, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns).

Petitioner may therefore seek *habeas* relief only if he suffered an "atypical deprivation" such as loss of good-time credits. By his own admission he did not lose good-time credits as a result of the complained of disciplinary proceeding. Therefore, his petition fails to state a claim for which relief

may be granted and dismissal on that basis is recommended.

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _February 6th_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE